IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MARIAN HENRY,

           Plaintiff,

v.                                            CIVIL ACTION NO.   3:16-5999

SYNCHRONY BANK f/k/a,
GE Capital Retail Bank,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Synchrony Bank's Motion to Dismiss First Amended Complaint (ECF No. 12) pursuant to Federal Rule 12(b)(6) for failure to state a claim. Plaintiff Marian Henry filed a Response in Opposition (ECF No. 15), and Defendant filed a Reply (ECF No. 17). The issue is now ripe for review. For the following reasons, the Court hereby **DENIES** Defendant's motion.

    **I.**    **BACKGROUND**

On or about March 2, 2015, Plaintiff and Defendant entered into a confidential settlement agreement to satisfy a civil suit brought before the Circuit Court of Putnam County. *Pl.'s First Am. Compl.*, ECF No. 11, at ¶ 9. The agreement specified a confidential amount of money that Defendant would pay to Plaintiff and included debt forgiveness on two other accounts. *Id.* at ¶ 10. Defendant allegedly issued a 1099-MISC form to Plaintiff that listed the settlement amount "in severe excess" of the actual total. *Id.* at ¶ 11. According to Plaintiff, the amount listed in the form was double the amount of the settlement. *Id.* at ¶ 19.

Plaintiff, in turn, notified Defendant of the violation via a letter dated February 29, 2016 and titled "Notice of Right to Cure." *Id.* at ¶ 13. According to the First Amended Complaint, Defendant did not correct the 1099-MISC to reflect the accurate settlement amount and did not contact Plaintiff to make an alternative offer to cure. *Id.* at ¶¶ 15-16. To avoid any subsequent tax liability on an excessive settlement amount, Plaintiff filed for an extension on her taxes in order to obtain a corrected version of the 1099-MISC form. *Id.* at ¶ 17.

Plaintiff filed the instant case on July 5, 2016 alleging four separate counts against Defendant: (1) willful filing of fraudulent information returns in violation of 26 U.S.C. § 7434; (2) fraudulent conduct by willfully misreporting the settlement amount in violation of the West Virginia Consumer Credit and Protection Act (WVCCPA); (3) common law misrepresentation and fraud; and (4) negligence. Plaintiff alleges economic damages, emotional distress, and time wasted due to Defendant's alleged fraudulent conduct in refusing to correct the amount on the 1099-MISC form. Defendant subsequently filed this motion to dismiss.

## II.    LEGAL STANDARD

To overcome a motion to dismiss under Federal Rule 12(b)(6), a complaint must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations and citations omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). Finally, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

### III. DISCUSSION

Plaintiff alleged four separate causes of action against Defendant's alleged refusal to issue a corrected 1099-MISC form: (1) a violation of 26 U.S.C. § 7434; (2) a violation of the WVCCPA; (3) common law misrepresentation and fraud; and (4) negligence. Defendant argues that each of these causes of action fail to state a claim and must be dismissed. Considering all of the factual allegations as true, the Court finds that the First Amended Complaint adequately makes a plausible claim to relief in each listed count.

#### a. Violation of 26 U.S.C. § 7434

Plaintiff's first claim alleges that Defendant "willfully filed a fraudulent information" return in violation of 26 U.S.C. § 7434. *Pl.'s First Am. Compl.*, ECF No. 11, at ¶¶ 26-30. Defendant contends that Plaintiff failed to plead with particularity as required under Federal Rule 9(b) for causes of action dealing with fraudulent conduct. *See Def.'s Mem. of Law in Supp.*, ECF No. 13, at 6. Defendant also challenges Plaintiff's claim for damages, suggesting that Plaintiff proximately caused her own injury by filing for an extension when alternative options were

available and that lost time cannot establish a damages claim under § 7434.  The Court will not determine a factual question as to which party proximately caused Plaintiff's damages at the motion to dismiss stage, but will only look to Plaintiff's factual allegations that suggest that Defendant caused resulting damages.  The Court also finds that Plaintiff adequately pleaded her damages as not only lost time, but also emotional distress and fines by the IRS.  *See Pl.'s First Am. Compl.*, ECF No. 11, at ¶ 30.  At the motion to dismiss stage, this claim for damages is adequate to establish a plausible right to relief.  Therefore, the Court limits its discussion below to whether Plaintiff sufficiently pleaded Defendant's willfulness in issuing a fraudulent information return.

Section 7434 allows civil suits for damages "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person."  26 U.S.C. § 7434(a).  To prevail, "Plaintiff must prove: (1) Defendants issued an information return; (2) The information return was fraudulent; and (3) Defendants willfully issued a fraudulent information return."  *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014).  The Fourth Circuit has not established whether § 7434 necessitates the heightened pleading standards under Federal Rule 9(b), but other courts have answered the question affirmatively.  *See Vandenheede v. Vecchio*, 541 F. App'x 577, 579 (6th Cir. 2013); *Gidding v. Zurich Am. Ins. Co.*, No. 15-cv-01176-HSG, 2015 WL 6871990, at *4 (N.D. Cal. Nov. 9, 2015); *Leon*, 51 F. Supp. 3d at 1298.  Moreover, the Fourth Circuit routinely applies the heightened pleading standards to statutory claims involving fraud.  *See Bolling v. PP&G Inc.*, Civ. No. WDQ-15-911, 2015 WL 9255330, at *6 (D. Md. Dec. 17, 2015) (listing cases applying 9(b) standards to False Claims Act, Racketeer Influenced and Corrupt Organizations Act, and Securities and Exchange Act).  Therefore, this Court finds that Rule 9(b)'s heightened pleading standard should apply to § 7434, and Plaintiff,

thus, "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

In § 7434 cases, courts have required plaintiffs to plead "specific allegations supporting a plausible inference that [defendants] willfully filed false information returns." *Vandenheede*, 541 F. App'x at 580. The complaint must establish more than a mere "accounting mistake." *Id.* For a defendant's conduct to be willful, the factual allegations should support "a voluntary, intentional violation of a legal duty." *Id.* (internal quotations omitted). The Fourth Circuit defined "willfulness" in terms of a violation of the Fair Credit and Reporting Act as "when the defendant knowingly and intentionally committed an act in conscious disregard for the rights of the consumer." *Saunders v. Branch Banking & Trust Co. of VA*, 526 F.3d 142, 151 (4th Cir. 2008) (internal quotations omitted).

Here, Defendant argues that Plaintiff has not adequately pleaded willfulness because the complaint does not identify a "plausible motive" or intent. *See Def.'s Mem. of Law in Supp.*, ECF No. 13, at 6. However, Federal Rule 9(b) does not require particularity with allegations of motive or intent. Rather, the rule specifies that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiff has alleged that Defendant knew of the false information contained in the 1099-MISC, especially after being made aware of the misreported amount through the "Notice of Right to Cure." *See Pl.'s First Am. Compl.*, ECF No. 11, at ¶ 13. The complaint also references that Defendant sent two additional 1099-C forms to Plaintiff after being made aware of the 1099-MISC mistake, but Defendant still refused to respond or correct the faulty 1099-MISC form. *See id.* at ¶ 16. Defendant's failure to respond or correct the 1099-MISC form creates a plausible inference that Defendant intended to stand by its falsely filed information return.

Accordingly, Plaintiff's factual allegations that Defendant filed a false information return, and Defendant's failure to file a corrected copy, satisfies the motion to dismiss standard to establish a willful violation of § 7434, even with heightened pleading requirements. These factual allegations, taken as true, support a reasonable inference that Defendant acted willfully when submitting the first faulty 1099-MISC form and when refusing to correct it.

### b. WVCCPA Violation

Plaintiff's second claim alleges a violation of the WVCCPA, citing that Defendant allegedly engaged in "fraudulent or unconscionable conduct by willfully misreporting the confidential settlement amount in gross excess of the actual amount." *Pl.'s First Am. Compl.*, ECF No. 11, at ¶ 32. Defendant argues that Plaintiff is precluded from bringing any claim under the WVCCPA because Plaintiff failed to follow the notice to cure requirements. *See Def.'s Mem. of Law in Supp.*, ECF No. 13, at 7-8. The WVCCPA requires that the plaintiff "inform[] the seller or lessor in writing and by certified mail, return receipt requested, of the alleged violation and provide[] the seller or lessor twenty days from receipt of the notice of violation … to make a cure offer." W. Va. Code § 46A-6-106(c). If a plaintiff fails to provide the appropriate notice, no action can be brought under the code section. *Id.*

Here, the complaint alleges that Plaintiff sent Defendant a letter titled "Notice of Right to Cure." *Pl.'s First Am. Compl.*, ECF No. 11, at ¶ 13. The letter, regardless of any settlement demands included, alerted Defendant of the misreported number on the 1099-MISC form sent to Plaintiff. Nothing in the stature prohibits Plaintiff from also making an offer to cure the violation. The statute requires that Plaintiff notify Defendant of the alleged violation, which was done here, and allow for Defendant to respond, which was likewise done here. Defendant had an opportunity to respond to the letter, make its own cure offer, and send an updated 1099-MISC form.

Defendant failed to do so. Defendant argues that the letter did not "alert[] Synchrony to its right to make a cure offer." *Def.'s Mem. of Law in Supp.*, ECF No. 13, at 8. Nothing in the statute requires Plaintiff to notify Defendant of its right to submit a cure offer. The statute specifies only that Plaintiff must notify Defendant of the alleged violation and then allow Defendant to make a cure offer within a twenty-day window. W. Va. Code § 46A-6-106(c). Plaintiff has met its statutory obligation by sending a letter to Defendant addressing the violation and waiting for twenty days until no cure offer arrived. Thus, Plaintiff has the authority to sue under the WVCCPA and has otherwise pleaded a sufficient claim entitled to relief.

      c. **Misrepresentation and Fraud**

Plaintiff's third claim is one of common law misrepresentation and fraud. *Pl.'s First Am. Compl.*, ECF No. 11, at ¶¶ 38-31 (incorrectly numbered in complaint). Defendant argues that Plaintiff has failed to plead fraud with particularity as required under Federal Rule 9(b), failed to allege reliance, and failed to allege actionable damages. *Def.'s Mem. of Law in Supp.*, ECF No. 13, at 9. The Court has already determined that Plaintiff adequately pleaded to the heightened standards required to plead fraud.

In West Virginia, to prove a claim of fraud, Plaintiff must prove: "(1) [t]hat the act claimed to be fraudulent was the act of defendant or induced by him; (2) that is was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." *Horton v. Tyree*, 138 S.E. 737, 738 (W. Va. 1927); *see also Pocahontas Min. Co. P'ship v. Oxy USA, Inc.*, 503 S.E.2d 258, 263 (W. Va. 1998). Although Defendant challenges Plaintiff's complaint for failure to allege reliance and for lack of actionable damages, the Court finds that the complaint adequately contains the elements to maintain an action at this stage of litigation. Plaintiff alleges that she relied upon Defendant's correct reporting on

the 1099-MISC form and because of the false information return was forced to file for an extension. *Pl.'s First Am. Compl.*, ECF No. 11, at ¶ 29-30 (incorrectly numbered in complaint). Plaintiff's damages include fines and penalties, emotional distress, and wasted time as a result of the reliance on Defendant's actions. *Id.* at ¶ 30-31 (incorrectly numbered in complaint). These allegations support a plausible claim of common law fraud at the motion to dismiss stage.

### d. Negligence

Plaintiff's last claim is for common law negligence, alleging that Defendant had a legal duty to correctly report the confidential settlement amount, which was breached when Defendant issued the false 1099-MISC form. *See Pl.'s First Am. Compl.*, ECF No. 11, at ¶¶ 32-36 (incorrectly numbered in complaint). Defendant challenges the lack of a causation link and the alleged damages in this claim. *Def.'s Mem. of Law in Supp.*, ECF No. 13, at 10. The Court again refuses to make a factual determination on the proximate cause allegations made by Plaintiff and finds that the complaint adequately provides the inference of damages caused by Defendant's alleged breached duty.

In regards to the challenge on damages, Defendant makes a valid argument addressing Plaintiff's purely economic damages tied to emotional distress. Generally, a negligence claim must be supported by damages from property loss or personal injury rather than just economic damages. *See E. Steel Constructors, Inc. v. City of Salem*, 549 S.E.2d 266, 272 (W. Va. 2001) (recognizing the "well settled general rule against permitting recovery in negligence for purely economic damages"). However, the West Virginia Supreme Court of Appeals noted in *Aikens v. Debow* when presented with a certified question that limited exceptions to the general rule exist. 541 S.E.2d 576 (W. Va. 2000). The court held "than an individual who sustains purely economic loss from an interruption in commerce caused by another's negligence may not recover damages

in the absence of physical harm to that individual's person or property, a contractual relationship with the alleged tortfeasor, or some other special relationship." *Id.* at 589; *see also Good v. Am. Water Works, Inc.*, Civ. No. 2:14-01372, 2015 WL 3540509 (S.D.W. Va. 2015) ("The decision in *Aikens* stands for the principle that an individual who sustains purely economic loss due to another's negligence can only recover, when there is neither a contract or physical harm to person or property, when some special relationship exists between the parties."). At the motion to dismiss stage, it is unclear whether Plaintiff will be able to establish such a special relationship with Defendant to maintain the action. However, the complaint, on its face, states a plausible claim for recovery to survive a motion to dismiss. The damages claim regarding emotional distress may cause problems in the future for Plaintiff's case, but the Court will allow the claim on damages to continue at this time. The claim is plausible on its face, and the Court thus finds it inappropriate to grant dismissal this early in the litigation.

### IV. CONCLUSION

Accordingly, the Court has determined that Plaintiff adequately alleged each of her four claims against Defendant. Therefore, the Court must **DENY** Defendant's Motion to Dismiss First Amended Complaint (ECF No. 12).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 21, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE